ARTURO J. GONZALEZ (CA SBN 121490)
AGonzalez@mofo.com
ALEXANDRIA A. AMEZCUA (CA SBN 247507)
AAmezcua@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA FIGUEROA, on her own behalf, and as successor in interest to MARTIN FIGUEROA, and LIZETTE FIGUEROA, on her own behalf,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a municipal corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.1:15-cv-00349-MCE-BAM<br><br>Trial Date: March 20, 2017<br><br>**STIPULATED PROTECTIVE ORDER** |

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials that the parties and third-parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is HEREBY ORDERED THAT:

1. Documents designated as "Confidential" or "Confidential – Counsel Only" (hereinafter collectively "Protected Information"), and produced by parties to this action, are subject to this Protective Order.

2. "Confidential" documents shall be defined as documents for which the designating party would be entitled to have protected from public disclosure by Court order under Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law.

3. "Confidential – Counsel Only" documents shall be defined as "Confidential" documents, as defined in paragraph 2, that also contain sensitive personal information, including, for example, personnel records and medical records.

4. Protected Information shall be used solely in connection with the civil case of *Figueroa, et al. v. City of Fresno, et al.*, Case No. 1:15-cv-00349-MCE-BAM, and in the preparation of trial of this case, or any related proceeding.

5. A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential" or "Confidential – Counsel Only." If any Protected Information cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked with the appropriate designation in a manner agreed upon by the disclosing and requesting parties.

6. Protected Information designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

   a) Counsel for the parties;

   b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

   c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

   d) Any expert or consultant retained in connection with this action;

   e) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and

      f)      The parties, to the extent reasonably necessary to assist their counsel in this litigation or for their counsel to advise them with respect to the litigation.

    7.      Protected Information designated under this Protective Order as "Confidential – Counsel Only" may only be disclosed to the following persons:

      a)      Outside counsel for the parties;

      b)      Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

      c)      Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

      d)      Any expert or consultant retained in connection with this action; and

      e)      The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel.

    8.      All Protected Information filed with the Court for any purpose shall be filed and served under seal in accordance with Local Rule 141.

    9.      The designation of information as Protected Information, and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

    10.      A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.  The signatories to this Protective Order will treat such information as Protected Information to the same extent as if it had been produced by a party.

    11.      A party may apply to the Court for an order that information designated as Protected Information pursuant to this Protective Order is not, in fact, "Confidential," or appropriately designated as "Confidential – Counsel Only."  Prior to so applying, the party seeking to reclassify Protected Information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the Protected Information in question shall

continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" or "Confidential – Counsel Only" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

12. Each person to whom disclosure is made, with the exception of counsel, and its paralegal, clerical, and secretarial personnel, who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided by the person furnishing him or her such material, a copy of this Protective Order. Each person to whom disclosure is made shall agree on the record or in writing that he/she has read the Protective Order and he/she understands the provisions of the Protective Order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

13. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

14. When a producing party gives notice to the receiving party or the receiving party otherwise becomes aware that certain inadvertently produced material is subject to a claim of privilege or other protection, the receiving party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

1  Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work-
2  product protected documents or information, including electronically stored information, whether
3  inadvertent or not, is not a waiver of the privilege or protection in connection with discovery in
4  this case or any other federal proceeding.

5    15.   After the conclusion of this litigation, all documents, in whatever form stored or
6  reproduced, containing Protected Information will remain confidential and subject to this
7  Protective Order.  The conclusion of this litigation means a termination of the case following
8  applicable post-trial motions, appeal and/or retrial.  After the conclusion of this litigation, all
9  Protected Information received under the provisions of this Protective Order, including copies
10 made, shall be destroyed, or tendered back to the attorneys for the party or parties producing the
11 documents.  The parties will also take all reasonable and necessary steps to ensure that persons to
12 whom they disclose another party's Protected Information destroy or return the Protected
13 Information to the producing party.

14 Dated:  September 28, 2015                    MORRISON & FOERSTER LLP

16                                               By:  /s/ *Alexandria A. Amezcua*
17                                                    ALEXANDRIA A. AMEZCUA
                                                 Attorneys for Plaintiffs

19 Dated:  September 28, 2015                    FERGUSON, PRAET & SHERMAN

21                                               By:  /s/ *Bruce D. Praet*
                                                     Bruce D. Praet
22                                               Attorney for Defendants

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1 | The Stipulated Protective order in the above matter is approved.

2 | IT IS SO ORDERED.

   Dated:   **October 20, 2015**              /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE