UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA FIGUEROA, et al. | No. 1:15-cv-00349-DAD-BAM |
| Plaintiffs, | |
| v. | ORDER DENYING REQUEST TO SEAL DOCUMENTS |
| CITY OF FRESNO, et al. | (Doc. No. 78) |
| Defendants. | |

On November 29, 2016, plaintiffs filed their opposition to defendants' motion for summary judgment, accompanied by a request for leave to file certain documents relating to that opposition under seal. (*See* Doc. Nos. 73, 78.) Specifically, plaintiffs seek to file under seal portions of their opposition to the motion for summary judgment, as well as seven exhibits attached to the opposition in their entirety. (Doc. No. 78.) For the following reasons, the request to seal as presented is denied without prejudice to its renewal.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may

1

1  "later unseal the filing or order the person who made the filing to file a redacted version for the
2  public record." Fed. R. Civ. P. 5.2(d).  "Historically, courts have recognized a 'general right to
3  inspect and copy public records and documents, including judicial records and documents.'"
4  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v.*
5  *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

6  Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors*
7  *Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

12  *Kamakana*, 447 F.3d at 1180 (citations omitted).  Under the "compelling reasons" standard
13  applicable to dispositive motions such as the one at issue here,

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

18  *Id*. at 1178–79 (internal quotation marks, omissions, and citations omitted).  The party seeking to
19  seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178;
20  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

21  "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when
22  such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to
23  gratify private spite, promote public scandal, circulate libelous statements, or release trade
24  secrets." *Id*. at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the production of
25  records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation
26  will not, without more, compel the court to seal its records." *Id*.  "The 'compelling reasons'
27  standard is invoked even if the dispositive motion, or its attachments, were previously filed under
28  seal or protective order." *Kamakana*, 447 F.3d at 1178–79.

**DISCUSSION**

Because the defendant's pending motion for summary judgment to which this request relates is a dispositive motion, the "compelling reasons" standard applies to plaintiffs' request to seal. Plaintiffs indicate that although they are requesting to file the documents in question under seal, they are doing so only because they believe they are required to under paragraph 8 of the October 20, 2015 stipulated protective order because defendant designated the information as "Confidential" during discovery. (*See* Doc. Nos. 78 at 2; 18 at ¶¶ 2, 8.) Plaintiffs indicate that they do not believe the documents should have been designated by defendant as "Confidential" and offer no other support for the request to file the documents in question under seal. The parties' stipulated protective order states, "[a]ll Protected Information filed with the Court for any purpose shall be filed and served under seal *in accordance with Local Rule 141*." (Doc. No. 18 at ¶ 8) (emphasis added). "Protected Information," is defined as anything either party has marked as confidential. (*Id.* at ¶ 1.)

Local Rule 141 provides that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." L.R. 141(a). The party seeking to seal must supply the basis for sealing in its Notice of Request to Seal Documents. L.R. 141(b). Such a request "shall set forth the statutory or other authority for sealing," along with the other information necessary to determine whether the request to seal is appropriate. *Id.*

The court finds the request for leave to file documents under seal is insufficient to satisfy the applicable compelling reasons standard for sealing. Plaintiffs' request is entirely and begrudgingly based on defendant's unilateral designation of the documents as "confidential" and the stipulated protective order. (Doc. No. 78 at 2.) This type of circular logic does not rise to the level of "compelling reasons" sufficiently specific to bar public access to these documents, and the parties' agreement cannot bind the court to seal documents absent the required showing. *See Kamakana*, 447 F.3d at 1182. Indeed, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79. Further, the stipulated protective order itself directs the parties to act in accordance with Local Rule 141, which requires the party seeking to file documents under seal to make "the

showing required by applicable law." L.R. 141(a).  Here, that showing must satisfy the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1178–80.  Plaintiffs here have not made such a showing here.

Accordingly, because plaintiffs have failed to meet their burden of demonstrating a compelling reason to file these documents under seal, their motion seeking leave to do so is denied without prejudice to a properly supported renewal.

## CONCLUSION

For the reasons set forth above,

1. Plaintiffs' request to seal (Doc. No. 78) is denied without prejudice to the refiling of a request which makes the required showing of compelling reasons for the documents to be filed under seal; and
2. Pursuant to Local Rule 141(e)(1), the Clerk of the Court is directed to return to the parties the documents for which sealing has been denied.

IT IS SO ORDERED.

Dated:  **December 5, 2016**

UNITED STATES DISTRICT JUDGE